BENJAMIN T. FLEMING

*vs.*

PETER L. COOPER.

Kent, March T. 1882.

*Distress for rent; non-sale of property by bailiff.*

A bill by a landlord against his bailiff, to compel him to account for the value of certain personal property of the tenant on which the bailiff had levied a distress for rent, but which he had not sold, is demurrable as disclosing no ground for equitable interposition, where the only liability of the defendant disclosed thereby arises from the non-sale of property, as to which the complainant had not indemnified him if he should sell, while the tenant had indemnified him if he should not sell.

BILL TO COMPEL A BAILIFF TO ACCOUNT FOR THE VALUE OF PROPERTY DISTRAINED FOR RENT, BUT NOT SOLD.   *On demurrer*

5 DEL. CH.                    28

*to bill.*—The case presented is sufficiently set forth in the opinion.

*J. Alexander Fulton* for the complainant.

*George V. Massey* for the defendant.

THE CHANCELLOR.—The complainant in his bill states that Cooper, the defendant, being his bailiff, levied a distress under a warrant therefor upon certain property of Edmund C. Shaw, the tenant of the complainant, among which were two barrels of brandy and one barrel of wine ; that Cooper, as bailiff aforesaid, failed to sell the said barrels of brandy and wine, as was his duty to do, and refuses to account for the value thereof.

The bill does not specify any of the personal property levied upon as distress for rent, except the brandy and wine aforesaid, which Cooper failed to sell and account for.

The complainant, in and by his bill, prays that Cooper be compelled to pay to him a sum equal in amount to the worth of the said two barrels of brandy and one barrel of wine at time of making the distress, with interest thereon ; or, in lieu of paying the price of said brandy and wine, that he be compelled to assign and set over to the complainant a joint and several bond of Edmund C. Shaw, Clement C. Simpson, and Eli Harrington, and the several judgments thereon entered.

The bond referred to seems to have been of indemnity for not selling the brandy and wine.    The right of the said Cooper to sell the said brandy and wine must therefore have been in dispute.

Fleming did not indemnify the bailiff if he should sell, and Shaw, with sureties, did if he should not sell.

The whole liability of Cooper, therefore, to Fleming, as far as the bill discloses, arises from the non-sale of the brandy and wine.

It is true that the bill prays that Cooper may be compelled to return to the complainant the landlord's warrant issued to him, with his doings therein plainly and fully set forth ; but

there is no allegation in the bill that Cooper had not paid the complainant any moneys received by Cooper from the sale of the property levied on as a distress for rent of Shaw, the tenant.

This demurrer must be allowed. The bill discloses no ground for the equitable interposition of the court. The complainant must pay the costs in the cause. Let a decree be drawn accordingly.